## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| VINSON MORTGAGE SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08-CV-884 CAS |
| | ) | |
| PRECISION 1 MARKETING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This removed matter is before the Court on plaintiff Vinson Mortgage Services, Inc.'s motion to remand. Defendant Precision 1 Marketing, Inc. opposes the motion. For the following reasons, the Court concludes that the notice of removal was filed beyond the thirty day time limit of 28 U.S.C. § 1446(b), and plaintiff's motion to remand should be granted.

**Background.**

This action was originally filed by plaintiff Vinson Mortgage Services, Inc. in the Circuit Court of the County of St. Louis, Missouri on July 10, 2007. The case arises out of an agreement for defendant to provide a direct mail advertising piece for plaintiff in February 2007. Plaintiff filed its first amended petition on July 12, 2007 ("petition"). The petition pleaded causes of action for breach of contract, gross negligence, and unjust enrichment. The petition set forth the cost of the advertising at $48,000, and sought damages for the cost of the advertisement, lost revenues, loss of goodwill, and additional costs and expenses. In the tort claim, the petition sought actual and consequential damages and punitive damages. Additionally, plaintiff requested recovery of its attorneys' fees. On June 9, 2008, plaintiff filed its amended petition, in which it asserted it was

seeking the full contract amount, $48,000, plus lost profits, consequential damages, attorneys' fees and costs. The amended petition sought separate damages for the contract and tort claims.

On June 19, 2008, defendant removed the action to this Court pursuant to 28 U.S.C. § 1332(a). In support of the Notice of Removal, defendant states that the amended petition requested a sum certain and separate damages for Counts I and II, and therefore diversity jurisdiction was first established by the filing of the amended petition on June 9, 2008. As grounds for removal, defendant also cites plaintiff's opposition to defendant's motion to dismiss, which had been filed by plaintiff on May 7, 2008.

**Legal Standard.**

In removal cases, the district court reviews the complaint or petition pending at the time of removal to determine the court's jurisdiction. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938). The district court may also look to the notice of removal to determine its jurisdiction. See, e.g., Jones & Laughlin Steel Corp. v. Johns-Manville Sales Corp., 626 F.2d 280, 282 n.1 (3d Cir. 1980). The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. See Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). Removal statutes are strictly construed, and any doubts about the propriety of removal are to be resolved in favor of remand. See In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993).

**Discussion.**

Defendant's Notice of Removal, filed June 19, 2008, asserts that diversity jurisdiction was not established until June 9, 2008, when plaintiff filed its amended petition and stated a "liquidated amount for the 'contract amount.'" Notice of Removal at ¶ 9. In its motion for remand, plaintiff

argues that defendant had notice that plaintiff was seeking in excess of $75,000 before it filed its June 9, 2008 amended petition. Plaintiff argues defendant had notice of the jurisdictional amount based on its initial petition, but at the latest, defendant had notice of the amount plaintiff sought in damages when plaintiff filed its opposition to defendant's motion to dismiss on May 7, 2008. Plaintiff argues that this "other paper" filed on May 7, 2008 put defendant on notice of the jurisdictional amount, and defendant's Notice of Removal filed after the thirty day period required by § 1446(b) is untimely.

The Court need look no further than defendant's Notice of Removal to determine the date on which defendant had notice that plaintiff sought in excess of the jurisdictional amount. In its Notice of Removal, defendant cites plaintiff's response to defendant's motion to dismiss, filed May 7, 2008, as support for its "Grounds for Removal":

> In its opposition to the prior Motion to Dismiss, Vinson asserted that the gross negligence count asserts *separate* damages because the acts stated in that count, in addition to the contract amount, "also interfered with Vinson's business relationships and damaged Vinson's business reputation." Accordingly, Plaintiff seeks $48,000 for the amount paid for the mailers, plus damages for lost profits for breach of contract, plus an amount in excess of $25,000.00 for gross negligence (totaling $73,000), plus punitive damages, attorneys' fees, and costs.

Def. Notice of Removal, ¶ 8 (quoting Pl. Resp. to Def. Mot. to Dismiss). In its notice of removal, defendant also cites to the affidavit of Tyson Langhofer, filed May 7, 2008, to argue that plaintiff seeks in excess of $75,000. "Further, Mr. Tyson Langhofer has insisted that he intends to depose over potentially eight (8) people in this case. That will surely cost Vinson, by itself, more than $2,000.01 in attorney's fees . . . ." Id. at ¶ 8.

The federal removal statute, 28 U.S.C. § 1446(b), provides that if a case is not removable based on the initial pleading, a defendant must file a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion,

order or other paper from which it may be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b); see also Lindsey v. Dillard's, Inc., 306 F.3d 596, 600 (8th Cir. 2002) ("Appellant's right to assert diversity jurisdiction had been waived by a failure to file within the time limitations of § 1446(b)"). A defendant is generally barred from asserting any ground for removal not attempted within this thirty day period. See Dahl v. R.J. Reynolds Tobacco Co., 478 F.3d 965, 967 (8th Cir. 2007) (expressly denying defendant's argument that the time limits of § 1446 be liberally interpreted). The Eighth Circuit continually admonishes district courts that federal courts are to "resolve all doubts about federal jurisdiction in favor of remand." Id.

Based on a review of defendant's Notice of Removal, it is clear that defendant had notice of the amount of damages plaintiff was seeking by May 7, 2008, at the latest. It did not file its notice of removal until June 19, 2008—forty-three days later. The Notice of Removal was not filed within the thirty day time limit of 28 U.S.C. § 1446(b). For this reason, the Court concludes that removal of this matter was untimely under 18 U.S.C. § 1446(b), and that it does not have subject matter jurisdiction. Plaintiff's motion to remand should therefore be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand is **GRANTED**. [Doc. 5]

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court of St. Louis County, Missouri, from which it was removed, for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that there remains **PENDING** for resolution by the state court following remand a motion to dismiss for improper venue, or in the alternative, motion to transfer venue filed by defendant.

An order of remand will accompany this memorandum and order

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this 21st day of July, 2008.